AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
11/7/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: EC DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
11/7/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ARO DEPUTY

United States of America

v.

ROBERT CHAVEZ CORTEZ,

Defendant

Case No.   8:25-mj-00898-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of November 6, 2025 in the county of Orange in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111 (a) (1) | Assaulting, Resisting, or Impeding a Federal Officer Involving Physical Contact |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Ryan Hudson
Complainant's signature

Ryan Hudson, Special Agent, (HSI)
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: November 7, 2025

Judge's signature

City and state: Santa Ana, California

Hon. John D. Early, U.S. Magistrate Judge
Printed name and title

AUSA: Mark Takla x-3591

**AFFIDAVIT**

I, Ryan Hudson, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and an arrest warrant against Robert Chavez CORTEZ ("CORTEZ") for a violation of 18 U.S.C. § 111(a)(1): Assaulting, Resisting, or Impeding a Federal Officer Involving Physical Contact.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2023, and I am currently assigned to the Child Exploitation Investigations Group in Orange County. Prior to my employment as a Special Agent, I was employed as a Border Patrol Agent with USBP from 2018-2021. My responsibilities as a Special Agent include investigating crimes

involving the sexual exploitation of minors, including, but not limited to, offenses involving travel in foreign commerce to engage in sexually explicit conduct with minors, and offenses involving the production, possession, distribution, and transportation of child pornography.

4. I am a graduate of the Federal Law Enforcement Training Center and have received extensive training in the investigation of narcotics trafficking, financial crimes, violent offenses, and other violations of federal law. I have participated in hundreds of investigations involving Title 21 (Controlled Substances Act) and Title 18 offenses. I am also cross designated to enforce federal narcotics laws and have collaborated with the U.S. Drug Enforcement Administration, U.S. Customs and Border Protection and various state and local agencies.

### III. STATEMENT OF PROBABLE CAUSE

5. In an interview on November 6, 2025, Supervisory Border Patrol Agent ("SBPA") J.A. told me the following:

   a. On November 6, 2025, at approximately 11:05 a.m., SBPA J.A. was providing security for Border Patrol agents at a business located at 800 N. Brookhurst Street, Anaheim, California. At the time, Border Patrol agents were wearing marked green Border Patrol uniforms and driving marked Border Patrol vehicles, clearly labeled as Border Patrol.

   b. SBPA J.A. saw a group of individuals running around the parking lot. One individual, later identified as CORTEZ, was cussing loudly and spitting towards Border Patrol

agents in the area.  SBPA J.A. also saw CORTEZ running towards agents and videotaping them.

      c.  SBPA J.A. observed 10-15 individuals near the exit of the parking lot.  SBPA J.A. saw these individuals videotaping and yelling at the nearby agents.  SBPA J.A. saw CORTEZ at the passenger side of a Border Patrol vehicle and spit onto SBPA J.A.  SBPA J.A. felt the spit hit his right arm and splash onto his face.

      d.  The following picture was provided by SBPA J.A.:



    6.  I spoke with CORTEZ on November 6, 2025, who told me he was only videotaping and denied spitting.

///

## IV. CONCLUSION

7. There is probable cause to believe that CORTEZ committed a violation of 18 U.S.C. § 111(a)(1): Assaulting, Resisting, or Impeding a Federal Officer Involving Physical Contact.

/s/
RYAN HUDSON, Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this __7th__ day of November 2025.

_____
HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE

4